**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
MICHELLE MELMAN,

Plaintiff,

**25-CV-1725 (VF)**

-against-

**ORDER**

DAISY, INC.,

Defendant.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

In this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties have represented to the Court that they have agreed to settle all claims. See ECF No. 26. As such, the parties have placed their proposed settlement agreement related to the wage-and-hour claims before this Court for approval. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). The parties submitted a joint letter motion in support of settlement (ECF No. 25) and proposed settlement agreement (the "FLSA Agreement") (ECF No. 25-1). The parties have also filed under seal the confidential non-FLSA settlement agreement (the "Non-FLSA Agreement") (ECF No. 27) and the related non-disclosure agreement (the "NDA") (ECF No. 28).

Although, "the settlement of . . . non-FLSA claims does not require court approval," Rubenstein v. Wings Media, LLC, No. 23-CV-6189 (JMF), 2024 WL 5247761, at *1 (S.D.N.Y. Dec. 30, 2024), it appears that the NDA related to the settlement of the non-FLSA claims includes the wage-and-hour claims in its definition of "Claims." See ECF No. 28 at 1. To the extent the parties intended to keep settlement of the FLSA claims confidential, such confidentiality agreements are inappropriate. See Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 179-80

(S.D.N.Y. 2015) ("[A] non-disclosure agreement in an FLSA settlement, even when the settlement papers are publicly available on the Court's docket, is contrary to well-established public policy because it inhibits one of the FLSA's primary goals—to ensure that all workers are aware of their rights.") (internal quotation marks and citation omitted); <u>Alvarez v. Schnipper Rests. LLC</u>, No. 16-CV-5779 (ER), 2019 WL 5682633, at *3-4 (S.D.N.Y. 2019) (finding a non-disclosure provision not fair and reasonable where it prevented plaintiff "from publicizing the terms of the agreement and release to the media or from discussing them on social media").

If the parties intended the NDA to apply only to the settlement of the non-FLSA claims, then the definition of "Claims" in the NDA should be modified to exclude the FLSA claims. As is, however, the Court cannot approve the FLSA settlement in conjunction with the NDA as written.

**SO ORDERED.**

DATED:    New York, New York
          February 13, 2026

                              _____
                              VALERIE FIGUEREDO
                              United States Magistrate Judge