UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHELLE MELMAN,

                            Plaintiff,                      **25-CV-1725 (VF)**

        -against-                          **<u>ORDER OF DISMISSAL</u>**

DAISY, INC.,

                            Defendant.
-----------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement to resolve the action, have placed their proposed amended settlement agreement before this Court for approval. <u>See</u> <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). In response to the Court's August 4, 2025 order (ECF No. 18) and subsequent orders of extension (ECF Nos. 22, 24), on September 22, 2025, the parties submitted a joint letter motion in support of settlement (ECF No. 25) and proposed settlement agreement (the "Agreement") (ECF No. 25-1).

The Court has reviewed the Agreement, corresponding letter, and supporting documentation in order to determine whether the Agreement represents a reasonable compromise of the claims asserted in this action. The total amount allocated to Plaintiff's counsel in attorney's fees ($6,930) is not greater than one-third of the settlement amount. And although counsel is separately seeking $405 in costs, courts have approved fee awards even where the combined attorney's fee and costs amount exceeded one-third of the settlement amount. <u>See,</u> <u>e.g.</u>, <u>Myers v. Life Alert Emergency Response, Inc.</u>, No. 23-CV-03609 (ER), 2024 WL 422057, at *2 (S.D.N.Y. Jan. 5, 2024) ("The Court further concludes that the proposed attorney fees and

costs are reasonable. [Plaintiff's] counsel will receive $10,318 for fees and costs, which is about 34.4% of the total settlement. The amount requested in attorney fees is $9,841, which is one-third of the net settlement amount after deducting litigation costs.") (internal citations omitted); Araus v. Primos Live Poultry Inc., No. 24-CV-1044 (MKV), 2025 WL 2998059, at *2 (S.D.N.Y. Sept. 23, 2025) (approving settlement where "[t]he proposed attorneys' fees represent approximately one-third of the total settlement amount after deducting costs").

Given the totality of the relevant circumstances, including the representations made in the parties' letter and the terms of the proposed settlement Agreement, it is hereby **ORDERED** that:

1. The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

2. This Court will retain jurisdiction over this matter for the purpose of enforcing the settlement agreement, if necessary.

3. As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs, provided, however, that, within 30 days of the date of this Order, if any aspect of the written documentation of the settlement is not completed, then Plaintiff may apply by letter for the restoration of the action to the active calendar of the Court.

4. The Clerk of Court is directed to close this case.

**SO ORDERED.**

DATED:     New York, New York
           March 6, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge